Case 2:22-cv-00217 Document 26 Filed on 03/29/23 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA RAY YEOMANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00217 |
| | § | |
| JOHN VALDEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL MEMORANDUM AND
RECOMMENDATION TO DISMISS CASE**

Plaintiff Joshua Ray Yeomans (No. 02423709) is Texas inmate appearing *pro se* and *in forma pauperis*. The undersigned submits this supplemental screening memorandum and recommendation pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and the reasons set forth below, the undersigned respectfully **RECOMMENDS** the Court **DISMISS** Plaintiff's recommitted claims with prejudice and enter final judgment or, alternatively, decline to exercise supplemental jurisdiction and **DISMISS** the state law claims without prejudice.

**I. PROCEDURAL BACKGROUND**

Plaintiff filed this § 1983 civil rights action on September 19, 2022, alleging violations of the Fourth Amendment, defamation, slander, false light and invasion of privacy against Officer John Valdez of the Aransas Pass, Texas Police Department.

Plaintiff also alleges claims against the unidentified supervisor of Officer Valdez for failing to supervise Officer Valdez. Plaintiff's civil claims arose out of his arrests on October 13, 2020 and December 8, 2021 and were related to his then pending criminal felony drug possession cases, *State v. Joshua Ray Yeomans*, A-22-5083-CR, 36th Judicial District Court, Aransas County Texas and *State v. Joshua Ray Yeomans*, S-22-3076-CR, 36th Judicial District Court, Aransas County, Texas.

On October 19, 2022, the undersigned conducted a *Spears*[1] hearing during which it became apparent Plaintiff's claims arose directly out of the facts of his criminal cases and concerned the lawfulness of two traffic stops and the veracity of the arresting officer's probable cause statements. Therefore, the undersigned stayed the instant civil action until the conclusion of the related criminal cases. (D.E. 9).

On January 5, 2023, the undersigned lifted the stay because Plaintiff notified the Court he had been convicted in both criminal cases, sentenced to fifteen years in prison, and the trial court proceedings had concluded. (D.E. 14). On January 9, 2023, the undersigned ordered Plaintiff to file a more definite statement. (D.E. 15). Plaintiff complied and the Court received Plaintiff's more definite statement on February 6, 2023. (D.E. 18). Considering Plaintiff's *Spears* testimony and his more definite statement, the undersigned believed the gravamen of Plaintiff's case was Officer Valdez lacked probable cause to arrest him and lied on one or more of the probable cause affidavits. Therefore, on

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of a *Spears* hearing is to determine whether a prisoner alleging a constitutional deprivation be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). *Id.* at 181–82. The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.*

February 9, 2023, the undersigned entered a memorandum and recommendation to dismiss Plaintiff's claims as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (D.E. 19). The undersigned recommended dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). (D.E. 19).

Plaintiff filed objections to the M&R indicating the reason he filed this lawsuit is because of the unprofessionalism of Officer Valdez. (D.E. 21). Plaintiff alleges Officer Valdez falsely called him a drug dealer at the time of his arrest. (D.E. 21). Plaintiff also alleges he complained to Valdez's supervisor who did nothing to intercede on Plaintiff's behalf.

On March 24, 2023, United States District Judge Nelva Gonzales Ramos adopted the M&R in part. Judge Ramos found Plaintiff's claims for defamation, false light invasion of privacy, and slander per se had not been addressed by the undersigned. Judge Ramos recommitted these claims to the undersigned for further consideration.

## II.     RECOMMITTED CLAIMS

Plaintiff alleges claims of defamation, false light, invasion of privacy, and slander per se, for which he seeks monetary compensation for mental anguish. (D.E. 23). Plaintiff names Officer Valdez as the person who made false statements about him. Plaintiff also names Officer Valdez's unidentified supervisor as being responsible for failing to take any remedial or corrective actions against Officer Valdez.

The recommitted claims arise out of Plaintiff's December 8, 2021 arrest by Officer Valdez.[2] Plaintiff states in his objections to the M&R that Officer Valdez "knowingly and willingly degraded me in front of all of those people" when he called Plaintiff a "known dope dealer." (D.E. 21). Plaintiff stresses he is not a drug dealer. He wonders how many people may now be spreading false rumors against him. (D.E. 21). Plaintiff seeks monetary relief for Officer Valdez embarrassing Plaintiff in public.

### III.   ANALYSIS

As an initial matter, to the extent Plaintiff is seeking to raise a 1983 claim for verbal abuse or verbal harassment, such a claim is simply not cognizable in a federal civil rights action. *Frazier v. Walker*, No. CV 1:13-CV-651, 2015 WL 66549, at *5 (E.D. Tex. Jan. 5, 2015). *See also Jane Doe 5 v. City of Haltom City,* 106 F. App'x 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claim under § 1983.")

Plaintiff's claims alleging defamation and slander per se are state law claims. *Petty v. Portofino Council of Co-owners, Inc.*, 702 F. Supp. 2d 721, 725 (S.D. Tex. 2010).

---

[2] Plaintiff's more definite statement references charges and convictions arising out of two separate arrests by Officer Valdez. The arrests occurred on October 13, 2020 and December 8, 2021. (D.E. 18). However, Plaintiff's objections to the M&R indicate his recommitted claims arise out of the December 8, 2021 arrest. (D.E. 21).

Plaintiff's claims for invasion of privacy are also state law claims. *Thomas v. State*, 294 F. Supp. 3d 576, 616 (N.D. Tex. 2018), report and recommendation adopted, No. 3:17-CV-0348-N-BH, 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018);*Harris v. Arteaga*, No. SA-21-CV-00612-XR, 2021 WL 3272209, at *3 (W.D. Tex. July 30, 2021);*See also* Davis v. City of Aransas Pass, No. 2:13-CV-363, 2014 WL 2112701, at *1 (S.D. Tex. May 20, 2014), aff'd, 605 Fed. Appx. 429 (5th Cir. 2015) (noting there is no federal constitutional right to be free from defamation or slander and declining to exercise jurisdiction over inmate's state law claims).

Section 101.1016(f) of the Texas Tort Claims Act (TTCA) provides that if a suit is filed against an employee of a government unit based upon conduct within the general scope of the employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez,* 332 S.W.3d 367, 369-85 (Tex. 2011). In *Franka,* the Texas Supreme Court explained § 101.106(f) was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka,* 332 S.W.3d at 381. In waiving governmental immunity for governmental units, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Pursuant to *Franka,* all tort claims, including intentional tort claims against individual government actors, "could have been brought" against the relevant governmental unit, regardless of whether its own immunities might ultimately bar the claim. Cities, as political

subdivisions of the State of Texas, come within the parameters of the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B). The TTCA is applicable to claims against municipal or city police officers. *McIntosh v. Smith*, 690 F. Supp. 2d 515, 539 (S.D. Tex. 2010).

Under Texas law, Plaintiff's defamation claims, which include libel and slander are intentional torts. *Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 WL 4627133, at *10 (N.D. Tex. July 27, 2018), report and recommendation adopted by *Starrett v. City of Richardson*, Tex., No. 3:18-CV-191-L, 2018 WL 3802038 (N.D. Tex. Aug. 10, 2018), aff'd, 766 Fed. Appx. 108 (5th Cir. 2019) (citations omitted);*See also Huff v. Rufugio Cty. Sheriff's Dep't*, No. 6:13-cv-32, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9, 2013) (J. Costa) (applying *Franka* rule to dismiss prisoner's intentional tort claims against jailers for assault and battery). Additionally, Plaintiff's invasion of privacy claims are intentional torts under Texas law and are subject to being dismissed under the TTCA. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010).

However, if the Court does not wish to dismiss Plaintiff's state law claims with prejudice at this stage of the proceedings, the Court may alternatively decline to exercise supplemental jurisdiction over these claims and dismiss them without prejudice. Federal courts may, under limited circumstances, exercise jurisdiction over state law claims. 28 U.S.C. § 1367(a) provides:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution.

While under § 1367(a) a district court properly exercises supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original jurisdiction, § 1367(c)(3) provides a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction."

District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993). When all federal claims are dismissed or otherwise eliminated from a case prior to trial, the general rule in the Fifth Circuit is to decline to exercise supplemental jurisdiction over the remaining state law claims. *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989).

Therefore, because the Court has already dismissed all of Plaintiff's federal claims, the undersigned **RECOMMENDS** the Court either dismiss Plaintiff's state law claims with prejudice pursuant to *Franka* or decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.

Respectfully submitted on March 29, 2023.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).