United States District Court
Southern District of Texas

**ENTERED**

June 13, 2023

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSHUA RAY YEOMANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00217 |
| | § | |
| JOHN VALDEZ, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Joshua Ray Yeomans, appearing pro se and *in forma pauperis*, filed this action alleging claims under § 1983 for violations of the Fourth Amendment and under state law for defamation, slander, and false light invasion of privacy against Officer John Valdez.  He also alleges claims against Valdez's unnamed supervisor for failing to supervise or properly train. Pending before the Court is Plaintiff's complaint (D.E. 1) for initial screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

On February 19, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that the Court dismiss all of Plaintiff's claims. The Court adopted the M&R in part, but found that the Magistrate Judge failed to address Plaintiff's claims for defamation, false light invasion of privacy, and slander. The Court recommitted these claims to the Magistrate Judge for screening. D.E. 23. Now before the Court is the Magistrate Judge's supplemental M&R

(D.E. 26), recommending that the Court dismiss these remaining claims. Plaintiff timely filed his objections (D.E. 29, 31), each of which is addressed below.

Plaintiff objects to the Magistrate Judge's recommendation, citing various cases and the elements of defamation, slander, and invasion of privacy. D.E. 29, pp. 1-2; D.E. 31, pp. 1-3. He repeats his factual allegations that Officer Valdez called him a "known drug dealer" and alleges that this caused injury to his reputation. D.E. 29, p. 2; D.E. 31, p. 1. He alleges that Officer Valdez was outside of his official duties when he made this statement because he arrested Plaintiff on a warrant for a domestic violence charge, not a drug charge, and the charge was pending in a different county. D.E. 29, p. 2; D.E. 31, p. 3.

The M&R recommended the dismissal of these claims under the Texas Tort Claims Act (TTCA). D.E. 26, pp. 2-4. The TTCA provides that if a suit is filed against an employee of a government unit based upon conduct within the general scope of the employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. *Tex*. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez,* 332 S.W.3d 367, 369-85 (Tex. 2011). The Texas Supreme Court explained that the TTCA was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka*, 332 S.W.3d at 381. The TTCA defines the term "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully

assigned to an employee by competent authority." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5)).

Officer Valdez made the alleged comment regarding Plaintiff while he was arresting him pursuant to a warrant; this satisfies the requirement that Officer Valdez was working within the scope of his employment as a police officer at the time of the event. *See, e.g., Tipps v. McCraw*, 945 F. Supp. 2d 761, 767 (W.D. Tex. 2013) (finding that the law enforcement officers were within the scope of their employment under the TTCA because they were generally acting within the scope of their duties in investigating a potential crime, applying for a warrant, and making an arrest). Plaintiff's argument that Officer Valdez was outside the scope of employment because of the nature of the charge on which he was arrested and the jurisdiction in which the charge arose is not supported by any authority in his objections.  And it is contrary to the law.  *See* Tex. Code Crim. Pro. art. 15.06 ("A warrant of arrest,… shall extend to any part of the State;  and any peace officer to whom said warrant is directed, or into whose hands the same has been transferred, shall be authorized to execute the same in any county in this State."). Plaintiff's objection does not demonstrate any error of fact or law in the M&R and is therefore **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court uses its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims[1] and they are **DISMISSED with prejudice**. This action is **DISMISSED** in its entirety.

      **ORDERED** on June 13, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] Federal courts may exercise supplemental jurisdiction over state law claims and enjoy wide discretion in determining whether to retain such jurisdiction once all federal claims are dismissed. 28 U.S.C. § 1367(a); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).